**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
—————————————————————X

**JOSEFINA CESARMAN,**

                       **Plaintiff,**          **Case No: 1:23-cv-4441(EK)(TAM)**

      **-against-**

**CAYUGA CAPITAL MANAGEMENT, INC.,**    **ANSWER, AFFIRMATIVE DEFENSES**
**JAMIE WISEMAN, JACOB SACKS, JOHN**      **AND CROSS-CLAIM OF DEFENDANT**
**LITHEN, ZACHARY RICHARD GUMPEL,**     **ZACHARY RICHARD GUMPEL**
**JS-JW CONSTRUCTION FACILITY LLC,**
**and CCMAI 28 HERBERT LLC,**

                       **Defendant.**
—————————————————————X

Defendant Zachary Richard Gumpel, through its counsel the Law Offices of Barry M. Bordetsky, as and for its answer and affirmative defenses to the complaint, responds as follows:

### NATURE OF THE CLAIMS

1.      The allegations set forth in paragraph 1 of the complaint contain legal conclusions to which no response is required. To the extent paragraph 1 purports to set forth factual allegations, those allegations are denied.

2.      The allegations set forth in paragraph 2 of the complaint contain legal conclusions to which no response is required. To the extent paragraph 2 purports to set forth factual allegations, those allegations are denied.

3.      Gumpel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the complaint.

4.      Gumpel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the complaint.

5.     Gumpel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the complaint.

6.     The allegations set forth in paragraph 6 of the complaint contain legal conclusions to which no response is required.  To the extent paragraph 6 purports to set forth factual allegations, those allegations are denied.

## JURISDICTION AND VENUE

7.     The allegations set forth in paragraph 7 of the complaint contain legal conclusions to which no response is required.  To the extent paragraph purports to set forth factual allegations, Gumpel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the complaint.

8.     The allegations set forth in paragraph 8 of the complaint contain legal conclusions to which no response is required.

9.     The allegations set forth in paragraph 9 of the complaint contain legal conclusions to which no response is required.

10.    The allegations set forth in paragraph 10 of the complaint contain legal conclusions to which no response is required.  To the extent paragraph purports to set forth factual allegations, Gumpel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the complaint.

## PARTIES

11.    Gumpel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the complaint.

12.     Gumpel is without knowledge or information sufficient to form a belief as to the truth of the totality of the allegations set forth in paragraph 12, but admits the Defendant Cayuga Capital Management LLC ("Cayuga") is in the real estate business.

13.      Gumpel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the complaint.

14.     Gumpel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the complaint.

15.     Gumpel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the complaint.

16.     Gumpel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the complaint.

17.     Gumpel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the complaint.

18.     The content in paragraph 18 of the complaint does not set forth any factual allegations relating to Gumpel, and thus no response is required.

19.     Gumpel admits the allegations set forth in paragraph 19 of the complaint.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

20.     Gumpel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the complaint as to plaintiff's specific age or the formality of plaintiff's residence.

21.     Gumpel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the complaint, except admits plaintiff's husband is deceased.

22. Gumpel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the complaint.

23. Gumpel denies the allegations set forth in paragraph 23 of the complaint as to plaintiff speaking with Gumpel on October 18, 2023, and is without knowledge or information sufficient to form a belief as to the truth of the remainder allegations set forth in paragraph as to what Plaintiff knew or did not know.

24. Gumpel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the complaint as to what plaintiff "knew", but admits Gumpel had worked with plaintiff's husband in the past regarding real estate.

25. Gumpel denies the allegations set forth in paragraph 25 of the complaint.

26. Gumpel denies the allegations set forth in paragraph 26 of the complaint.

27. Gumpel denies the allegations set forth in paragraph 27 of the complaint as to having a conversation with plaintiff, admits to having communications with Maus regarding potential real estate investments for his mother's behalf, but denies the remainder of the allegations as to his experience.

28. Gumpel denies the allegations set forth in paragraph 28 of the complaint.

29. Gumpel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the complaint as to what plaintiff was "relying" upon, and denies the remainder of the allegations set forth in paragraph.

30. Gumpel admits the allegations set forth in paragraph 30 of the complaint.

31. Gumpel is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the complaint as to what plaintiff was "willing to pay" upon, and deny the remainder of the allegations set forth in paragraph.

32.     Gumpel admits the allegations set forth in paragraph 32 of the complaint that an agreement was sent.

33.     Gumpel denies the allegations set forth in paragraph 33 of the complaint.

34.     Gumpel admits the allegations in paragraph 34 that he made an introduce to Cayuga to Maus, denies he introduced Plaintiff to Sacks, Lithen and Weisman, and is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraph 34.

35.     Gumpel denies the allegations set forth in paragraph 35 of the complaint.

36.     Gumpel admits the allegations in paragraph 36 of the complaint in that he sent an email on December 6, 2018, and refers the Court to the document for its content.

37.     Gumpel admits the allegations in paragraph 37 of the complaint that an invoice was sent, and refers the Court to the document for its content.

38.     Gumpel admits the allegations in paragraph 38 of the complaint.

39.     Gumpel admits the allegations set forth in paragraph 39 of the complaint that he sent an email on or about December 7, 2018, refers the Court to the document for its content, and denies the remainder of the allegations in paragraph.

40.     Gumpel admits the allegations set forth in paragraph 40 of the complaint that he received payment, but is without knowledge or information sufficient to form a belief as to the truth of the allegation relating to the rebate, who made the payment, and denies the portion of paragraph alleging payment was made "at Gumpel's urging."

41.     Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the complaint, but admits an agreement was signed.

42.     Gumpel denies the allegations contained in paragraph 42 of the complaint.

43.     Gumpel admits the allegations set forth in paragraph 43 of the complaint and refers the Court to the referred documents for its content.

44.     Paragraph 44 of the complaint sets forth a legal conclusion to which no response is required.

45.     Gumpel admits the allegations set forth in paragraph 45 of the complaint and refers the Court to the referred documents for its content.

46.     Gumpel admits the allegations set forth in paragraph 46 of the complaint in that an agreement was entered by and between the parties, refers the Court to the document and subsequent correspondence relating to the same for its content, thus denying the remainder of the allegations in the complaint.

47.     Gumpel denies the allegations set forth in paragraph 47 of the complaint.

48.     Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the complaint.

49.     Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of the complaint.

50.     Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the complaint.

51.     Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the complaint as to any contact Maus had with the Cayuga Defendants (as defined in the complaint), denies knowledge or information sufficient to form a belief as to the truth of the allegations as to Maus' familiarity with real estate investments, if he relayed any information to his mother or if he acted as a "go-between" for his mother, and deny the remainder of the allegations in paragraph.

52.     Gumpel denies the allegations set forth in paragraph 52 of the complaint as to Gumpel and Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding what any other person was "aware of".

53.     Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the complaint.

54.     Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the complaint.

55.     Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 of the complaint.

56.     Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the complaint.

57.     Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 of the complaint.

58.     Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the complaint.

59.     Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 of the complaint.

60.     Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the complaint.

61.     Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of the complaint.

62.     Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of the complaint.

63. Gumpel denies the allegations set forth in paragraph 63 of the complaint that are directed to him, and Gumpel denies knowledge or information sufficient to form a belief as to the truth of the remainder of allegations set forth in the paragraph.

64. Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64 of the complaint.

65. Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65 of the complaint.

66. Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66 of the complaint.

67. Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 67 of the complaint.

68. Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 68 of the complaint.

69. Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 69 of the complaint.

70. Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 70 of the complaint.

71. Gumpel denies the allegations set forth in paragraph 71 that are directed to him and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in the paragraph.

72. Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 72 of the complaint.

73.     Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 73 of the complaint.

74.     Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 74 of the complaint.

75.     Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 75 of the complaint.

76.     Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 76 of the complaint.

77.     Paragraph 77 appears to contain a legal conclusion and thus no response is required. To the extent a response is required, Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 77 of the complaint.

78.     Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 78 of the complaint.

79.     Gumpel denies the allegations contained in paragraph 79 of the complaint.

80.     The allegations contained in paragraph 80 of the complaint lay a false predicate, similar to a "do you still beat your pet" statement. To the extent there is an allegation of wrongdoing, any allegation is denied.

81.     Gumpel denies the allegation contained in paragraph 81 of the complaint as to him, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph regarding Lithen.

82.     Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 82 of the complaint.

83. Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 83 of the complaint.

84. Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 84 of the complaint.

85. Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 85 of the complaint.

86. Paragraph 86 sets forth a false predicate. Gumpel denies the allegations contained in paragraph 86 of the complaint as to any wrongdoing, and denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to the investment.

87. Gumpel denies the allegations of wrongdoing as against him that are set forth in paragraph 87 of the complaint, and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph.

88. Gumpel denies the allegations of wrongdoing as against him that are set forth in paragraph 88 of the complaint, and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph.

89. Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 89 of the complaint.

90. Gumpel denies the allegations of wrongdoing as against him that are set forth in paragraph 90 of the complaint, and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph.

91. Gumpel denies the allegations of wrongdoing as against him that are set forth in paragraph 91 of the complaint, and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph.

92.     Gumpel denies the allegations of wrongdoing as against him that are set forth in paragraph 92 of the complaint, and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph.

93.     Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 of the complaint.

94.     Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 of the complaint.

95.     Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95 of the complaint.

96.     Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96 of the complaint.

97.     Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 of the complaint.

98.     Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 of the complaint.

99.     Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99 of the complaint.

100.    Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100 of the complaint.

101.    Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101 of the complaint.

102.    Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102 of the complaint.

103.     Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in paragraph 103 of the complaint as to plaintiff's state of mind. Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of paragraph, but to the extent there is direct allegations of wrongdoing as to Gumpel, they are denied.

104.     Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 of the complaint.

105.     Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 of the complaint.

106.     Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 of the complaint.

107.     Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 of the complaint.

108.     Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108 of the complaint.

109.     Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109 of the complaint.

110.     Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 of the complaint.

111.     Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111 of the complaint.

112.     Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112 of the complaint.

113.     Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113 of the complaint.

114.     Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114 of the complaint.

115.     Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115 of the complaint.

116.     Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116 of the complaint.

117.     Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117 of the complaint.

118.     Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118 of the complaint.

119.     Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119 of the complaint.

120.     Gumpel denies any allegations of wrongdoing as alleged against him in paragraph 120 of the complaint.

121.     Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121 of the complaint.

122.     Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122 of the complaint.

123.     Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations in the whole of paragraph 123 of the complaint, but to the extent there is direct allegations of wrongdoing as to Gumpel, they are denied.

124. Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124 of the complaint, but to the extent there are direct allegations of wrongdoing as to Gumpel, they are denied.

## COUNT ONE
### Violation of Section 10(b) of the Securities Exchange Act and Rule 10-b5 Investment Against All Defendants

125. Gumpel repeats and realleges each and every response in the foregoing paragraphs as if fully set forth herein.

126. Paragraph 126 of the complaint contains a legal conclusion to which no response is due. To the extent such allegations are deemed to be factual, Gumpel denies them.

127. Gumpel denies the allegations contained in paragraph 127 of the complaint.

128. Paragraph 128 of the complaint contains a legal conclusion to which no response is due. To the extent such allegations are deemed to be factual, Gumpel denies them.

129. Paragraph 129 of the complaint contains a legal conclusion to which no response is due. To the extent such allegations are deemed to be factual, Gumpel denies them.

130. Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 130 of the complaint.

131. Paragraph 131 of the complaint contains a legal conclusion to which no response is due. To the extent such allegations are deemed to be factual, Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph.

132. Paragraph 132 of the complaint contains a legal conclusion to which no response is due. To the extent such allegations are deemed to be factual, Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph.

133.    Paragraph 133 of the complaint contains a legal conclusion to which no response is due. To the extent such allegations are deemed to be factual, Gumpel denies the allegations contained in paragraph as to him and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph.

134.    Paragraph 134 of the complaint contains a legal conclusion to which no response is due. To the extent such allegations are deemed to be factual, Gumpel denies the allegations contained in paragraph as to him and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph.

135.    Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 135 of the complaint.

136.    Paragraph 136 of the complaint contains a legal conclusion to which no response is due. To the extent such allegations are deemed to be factual, Gumpel denies the allegations contained in paragraph as to him and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph.

137.    Paragraph 137 of the complaint contains a legal conclusion to which no response is due. To the extent such allegations are deemed to be factual, Gumpel denies the allegations contained in paragraph as to him and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph.

## COUNT TWO
**Violation of Section 10(b) of the Securities Exchange Act and Rule 10-b5 Investment Against All Defendants**

138.    Gumpel repeats and realleges each and every response in the foregoing paragraphs as if fully set forth herein.

139.    Gumpel is not a party to the claims set forth in Count Two. Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 139 of the complaint.

140.    Gumpel is not a party to the claims set forth in Count Two. Paragraph 140 contains a legal conclusion to which no response is required. To the extent the allegations are deemed factual, Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 140 of the complaint.

141.    Gumpel is not a party to the claims set forth in Count Two. Paragraph 141 contains a legal conclusion to which no response is required. To the extent the allegations are deemed factual, Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 141 of the complaint.

142.    Gumpel is not a party to the claims set forth in Count Two. Paragraph 142 contains a legal conclusion to which no response is required. To the extent the allegations are deemed factual, Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 142 of the complaint.

**COUNT THREE**
**Breach of Fiduciary Duties**
**Against Cayuga, Wiseman, and Sacks**

143.    Gumpel repeats and realleges each and every response in the foregoing paragraphs as if fully set forth herein.

144.    Gumpel is not a party to the claims set forth in Count Three.  Paragraph 144 contains a legal conclusion to which no response is required. To the extent the allegations are deemed factual, Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 144 of the complaint.

145.     Gumpel is not a party to the claims set forth in Count Three.  Paragraph 145 contains a legal conclusion to which no response is required. To the extent the allegations are deemed factual, Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 145 of the complaint.

146.     Gumpel is not a party to the claims set forth in Count Three.  Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 146 of the complaint.

147.     Gumpel is not a party to the claims set forth in Count Three.  Paragraph 147 contains a legal conclusion to which no response is required. To the extent the allegations are deemed factual, Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 147 of the complaint.

148.     Gumpel is not a party to the claims set forth in Count Three.  Paragraph 148 contains a legal conclusion to which no response is required. To the extent the allegations are deemed factual, Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 148 of the complaint.

149.     Gumpel is not a party to the claims set forth in Count Three.  Paragraph 149 contains a legal conclusion to which no response is required. To the extent the allegations are deemed factual, Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 148 of the complaint.

**COUNT FOUR**
**BREACH OF CONTRACT**
**(Against JS-JW)**

150.     Gumpel repeats and realleges each and every response in the foregoing paragraphs as if fully set forth herein.

151. Gumpel is not a party to the claims set forth in Count Four. Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 151 of the complaint.

152. Gumpel is not a party to the claims set forth in Count Four. Paragraph 152 contains a legal conclusion to which no response is required. To the extent the allegations are deemed factual, Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 152 of the complaint.

153. Gumpel is not a party to the claims set forth in Count Four. Paragraph 153 contains a legal conclusion to which no response is required. To the extent the allegations are deemed factual, Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 153 of the complaint.

154. Gumpel is not a party to the claims set forth in Count Four. Gumpel denies the allegations contained in paragraph 154 as to him, particularly when the claim for relief specifically excludes him.

155. Gumpel is not a party to the claims set forth in Count Four. Gumpel denies the allegations contained in paragraph 155 as to him, particularly when the claim for relief specifically excludes him.

156. Gumpel is not a party to the claims set forth in Count Four. Paragraph 156 contains a legal conclusion to which no response is required. To the extent the allegations are deemed factual, Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 156 of the complaint.

## COUNT FIVE
## Breach of Implied Covenant of Good Faith and Fair Dealings against JS-JW

157. Gumpel repeats and realleges each and every response in the foregoing paragraphs as if fully set forth herein.

158. Gumpel is not a party to the claims set forth in Count Five. The allegations contained in paragraph 158 set forth a legal conclusion to which no response is required. To the extent any response is required, Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 158 of the complaint.

159. Gumpel is not a party to the claims set forth in Count Five. The allegations contained in paragraph 159 set forth a legal conclusion to which no response is required. To the extent any response is required, Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 159 of the complaint.

160. Gumpel is not a party to the claims set forth in Count Five. The allegations contained in paragraph 160 set forth a legal conclusion to which no response is required. To the extent any response is required, Gumpel denies any allegations as to him, notwithstanding he is not a party to Count Five, and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 160 of the complaint.

161. Gumpel is not a party to the claims set forth in Count Five. The allegations contained in paragraph 161 set forth a legal conclusion to which no response is required. To the extent any response is required, Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 161 of the complaint.

162. Gumpel is not a party to the claims set forth in Count Five. The allegations contained in paragraph 162 set forth a legal conclusion to which no response is required. To the

extent any response is required, Gumpel denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 162 of the complaint.

## COUNT SIX
## Breach of Contract Against Gumpel

163.    Gumpel repeats and realleges each and every response in the foregoing paragraphs as if fully set forth herein.

164.    Gumpel denies the allegations contained in paragraph 164 of the complaint.

165.    The allegations contained in paragraph 165 set forth a legal conclusion to which no response is required. To the extent any response is required, Gumpel denies the allegations contained in paragraph 165.

166.    The allegations contained in paragraph 166 set forth a legal conclusion to which no response is required. To the extent any response is required, Gumpel denies the allegations contained in paragraph 166.

167.    The allegations contained in paragraph 167 set forth a legal conclusion to which no response is required. To the extent any response is required, Gumpel denies the allegations contained in paragraph 167.

168.    The allegations contained in paragraph 168 set forth a legal conclusion to which no response is required. To the extent any response is required, Gumpel denies the allegations contained in paragraph 168.

169.    The allegations contained in paragraph 169 set forth a legal conclusion to which no response is required. To the extent any response is required, Gumpel denies the allegations contained in paragraph 169.

## COUNT SEVEN
## Broker Negligence Against Gumpel

170.    Gumpel repeats and realleges each and every response in the foregoing paragraphs as if fully set forth herein.

171.    Gumpel denies the allegations contained in paragraph 171 of the complaint.

172.    The allegations contained in paragraph 172 set forth a legal conclusion to which no response is required. To the extent any response is required, Gumpel denies the allegations contained in paragraph 172.

173.    The allegations contained in paragraph 173 set forth a legal conclusion to which no response is required. To the extent any response is required, Gumpel denies the allegations contained in paragraph 173.

## COUNT EIGHT
## Breach of Fiduciary Duties Gumpel

174.    Gumpel repeats and realleges each and every response in the foregoing paragraphs as if fully set forth herein.

175.    Gumpel denies the allegations set forth in paragraph 175 of the complaint as to any allegations relating to Gumpel, and denies knowledge and information sufficient to form a basis to the truth of the allegations contained in the remainder of the allegations.

176.    Paragraph 176 contains a legal conclusion to which no response is required.

177.    Paragraph 177 contains a legal conclusion to which no response is required.

178.    Paragraph 178 contains a legal conclusion to which no response is required.  To the extent the allegations are deemed factual, Gumpel denies the allegations set forth in paragraph 178 of the complaint relating to Gumpel, and denies knowledge and information sufficient to form a basis to the truth of the allegations contained in the remainder of the allegations.

179.     No party in the matter is named Gerber.  To the extent it is deemed to be Gumpel, paragraph 179 contains a legal conclusion to which no response is required.  To the extent the allegations are deemed factual, Gumpel denies the allegations set forth in paragraph 179 of the complaint relating to Gumpel, and denies knowledge and information sufficient to form a basis to the truth of the allegations contained in the remainder of the allegations.

## COUNT NINE
### Fraud In the Inducement Against All Defendants

180.     Gumpel repeats and realleges each and every response in the foregoing paragraphs as if fully set forth herein.

181.     Gumpel denies the allegations as set forth in paragraph 181 of the complaint.

182.     Gumpel denies the allegations as set forth in paragraph 182 of the complaint.

183.     Gumpel denies knowledge and information sufficient to form a basis to the truth of the allegations contained paragraph 183 of the complaint.

184.     Gumpel denies the allegations in paragraph 184 of the complaint as to him, and denies knowledge and information sufficient to form a basis to the truth of the allegations contained in the remainder of the allegations as to the other defendants.

185.     Paragraph 185 contains a legal conclusion to which no response is required. To the extent such allegation is deemed factual, Gumpel denies the allegations.

186.     Paragraph 186 contains a legal conclusion to which no response is required. To the extent such allegation is deemed factual, Gumpel denies the allegations.

187.     Paragraph 187 contains a legal conclusion to which no response is required. To the extent such allegation is deemed factual, Gumpel denies the allegations.

188.     Paragraph 188 contains a legal conclusion to which no response is required. To the extent such allegation is deemed factual, Gumpel denies the allegations.

## COUNT TEN
## Unjust Enrichment Against All Defendants

189.     Gumpel repeats and realleges each and every response in the foregoing paragraphs as if fully set forth herein.

190.     Paragraph 190 contains a legal conclusion to which no response is required.  To the extent the allegation is deemed factual, Gumpel denies the allegations as to him, and denies knowledge and information sufficient to form a basis to the truth of the allegations contained in the remainder of the allegations as to the other defendants.

191.     Paragraph 191 contains a legal conclusion to which no response is required.  To the extent the allegation is deemed factual, Gumpel denies the allegations as to him, and denies knowledge and information sufficient to form a basis to the truth of the allegations contained in the remainder of the allegations as to the other defendants.

192.     Paragraph 192 contains a legal conclusion to which no response is required.  To the extent the allegation is deemed factual, Gumpel denies the allegations as to him, and denies knowledge and information sufficient to form a basis to the truth of the allegations contained in the remainder of the allegations as to the other defendants.

193.     Paragraph 193 contains a legal conclusion to which no response is required.  To the extent the allegation is deemed factual, Gumpel denies the allegations as to him, and denies knowledge and information sufficient to form a basis to the truth of the allegations contained in the remainder of the allegations as to the other defendants.

194.     Paragraph 194 contains a legal conclusion to which no response is required.  To the extent the allegation is deemed factual, Gumpel denies the allegations as to him, and denies knowledge and information sufficient to form a basis to the truth of the allegations contained in the remainder of the allegations as to the other defendants.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

195. Plaintiff's claims are barred, in whole or in part, as the complaint as to Gumpel fails to state a cause of action against which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

196. Plaintiff's claims are barred, in whole or in part, based upon the doctrines of unclean hands, laches, ratification, waiver and estoppel.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

197. Plaintiff's claims are barred, in whole or in part, as Plaintiff has suffered no damages or economic loss.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

198. Plaintiff's claims are barred, in whole or in part, based upon the relevant statute of limitations.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

199. Plaintiff's claims are barred, in whole or in part, based upon the fact Gumpel was not in privity with Plaintiff in the underlying investments, was not a party to communications or contracts that serve as the basis for the claims.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

200. Plaintiff's claims are barred, in whole or in part, based upon the lack of reliance upon Gumpel.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

201. Plaintiff's claims are barred, in whole or in part, based upon documentary evidence that contradicts the allegations.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

202.    Plaintiff's claims are barred, in whole or in part, based upon Plaintiff's sophistication and/or that of her son's sophistication.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

203.    Plaintiff's claims are barred, in whole or in part, based upon the duplicative nature of the claims.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

204.    Plaintiff's claims are barred, in whole or in part, based upon actions or omissions of a third party or parties, interceding events, who were not under the control of Gumpel, and whose acts and/or omissions were the cause of damages, if any.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

205.    Plaintiff's claims are barred, in whole or in part, as condition precedent for contractual obligations did not take place.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

206.    Plaintiff's claims are barred, in whole or in part, as Plaintiff has not sustained damages, and if damages were sustained, they that were directly or proximately caused by Gumpel.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

207.    Plaintiff's claims are barred in whole or in part, because her damages or losses, if any were solely or partially the result of plaintiff's, her agent's or the co-defendant's culpable conduct, negligence or want of care, contributory negligence, and any recovery must be reduced in proportion to which their culpable conduct, negligence or want of care caused or contributed to the damages.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

208.    Plaintiff's claims are barred, in whole or in part, based upon the fact Gumpel does not owe any duty to Plaintiff.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

209.    Plaintiff has failed to join a necessary party.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

210.    Plaintiff's damages, if any, occurred based upon actions beyond the control of Gumpel including, but not limited to, Plaintiff's own bad faith, misconduct, acts or omissions.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

211.    Plaintiff's claims, if any, are barred based upon Gumpel performing pursuant to the terms of the contract.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE- RESERVATION

212.    Gumpel reserves the right to rely upon any additional defenses which may become known as a result of and during discovery in the within action.

**WHEREFORE**, Gumpel respectfully requests this Court dismiss the complaint as to Gumpel and for other such and available relief as provided by statute and that the Court deems just, proper and equitable.

/

/

/

/

/

/[Intentionally blank]

## CROSS-CLAIM

## (COMMON LAW INDEMNIFICATION/IMPLIED INDEMNITY AND CONTRIBUTION)

**Cayuga Capital Management, Llc (Incorrectly Sued Herein As Cayuga Capital Management, Inc.) ("Cayuga"), Jamie Wiseman ("Wiseman"), Jacob Sacks ("Sacks"), John Lithen ("Lithen"), Js-Jw Construction Facility Llc ("Js-Jw"), And Ccmai 28 Herbert Llc ("Herbert"), And Together With Cayuga, Wiseman, Sacks, Lithen And Js-Jw, Collectively Referred To Herein As The "Cayuga Defendants")**

213.    Gumpel repeats and realleges each and every response in the foregoing paragraphs as if fully set forth herein.

214.    Plaintiff asserts several claims for relief as against Gumpel as well as collectively involving all named defendants.

215.    Gumpel was not involved in the negotiations and/or drafting of any transactional documents or terms by and between plaintiff and any third party named in this proceeding.

216.    Gumpel was not involved in the negotiations and/or drafting of any transactional documents or terms by and between plaintiff's son and the Cayuga Defendants.

217.    Gumpel has no ownership stake or involvement in the business of any of the Cayuga Defendants.

218.    Gumpel did not control any aspect of plaintiff's transactions involving any of the Cayuga Defendants.

219.    Gumpel did not control any aspect of the Cayuga Defendants' actions associated with the business transactions at issue in the case.

220.     Gumpel was not in privity to the agreements between Plaintiff and any of the Cayuga Defendants.

221.    Gumpel does not believe plaintiff was damaged, but in the event Gumpel is held liable to Plaintiff for any claim of relief, such liability arises only by reason of active and primary wrongdoing on the party of any of the Cayuga Defendants, through no fault of Gumpel.

222.    To the extent a judgment is rendered in favor of plaintiff, then such judgment is based upon the Cayuga Defendants having exclusive responsibility for the acts or omissions that resulted in the loss, and Gumpel was not responsible for any wrongdoing that contributed to the loss.

223.    To the extent a judgment is rendered in favor of plaintiff, then such judgment is based upon natural and proximate consequences of the Cayuga Defendants wrongful acts or omissions, not foreseen or caused by Gumpel, that resulted in the loss.

224.    To the extent judgment is rendered in favor of plaintiff and against defendants, then such judgment, if determined Gumpel is liable to plaintiff, then any such liability and/or damages should be apportioned by and between Gumpel and the Cayuga Defendants based upon the proportionate share of fault.

**WHEREFORE**, to the extent a judgment in favor of plaintiff is rendered in the case, Gumpel demands judgment as against the Cayuga Defendants for:

a.    Indemnification of Gumpel for any losses/damages assessed against him;

b.    Contribution of a proportionate share of fault, if any is determined against him; and

c.    Such other relief as this Court may deem just and proper.

Dated: October 2, 2023

**Law Offices of Barry M. Bordetsky**

By: /s/ Barry Bordetsky

Barry M. Bordetsky

570 Lexington Avenue, 24th Floor

New York, New York 10022

Tel. No.: (212) 688-0008

Email: barry@bordetskylaw.com

## CERTIFICATE OF SERVICE

On October 2, 2023, I, Barry M. Bordetsky, counsel for defendant Zachary Richard Gumpel, do hereby certify that on October 2, 2023, I did serve, via the Eastern District of New York's electronic filing system and email (agreed to in writing by counsel), defendant Gumpel's Answer, Affirmative Defenses and Cross-Claims upon the plaintiff and defendants, via counsel, at the following addresses for service:

Mariya Gonor, Esq.
Norris McLaughlin
400 Crossing Blvd, 8th Floor
Bridgewater, New Jersey 08807
Email: mgonor@norris-law.com
Counsel for Plaintiff


Gary M. Kushner, Esq.
Goetz Fitzpatrick LLP
One Penn Plaza, Suite 3100
New York, New York 10019
Email: gkushner@goetzfitz.com
Counsel for co-defendants
Attorneys for Defendants,
Cayuga Capital Management LLC i/s/h/a
Cayuga Capital Management, Inc.,
Jamie Wiseman,
Jacob Sacks, John Lithen,
JS-JW Construction Facility LLC, and
CCMAI 28 Herbert LLC


Dated: October 2, 2023

**Law Offices of Barry M. Bordetsky**

By:/s/ Barry Bordetsky
Barry M. Bordetsky
570 Lexington Avenue, 24th Floor
New York, New York 10022
Tel. No.: (212) 688-0008
Email: barry@bordetskylaw.com