UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEFINA CESARMAN,<br><br>　　　　　　Plaintiff,<br><br>CAYUGA CAPITAL MANAGEMENT, INC., JAMIE WISEMAN, JACOB SACKS, JOHN LITHEN, ZACHARY RICHARD GUMPEL, JS-JW CONSTRUCTION FACILITY LLC, and CCMAI 28 HERBERT LLC,<br><br>　　　　　　Defendants. | Case No.: 1:23-cv-04441-EK-TAM<br><br>**ANSWER TO CROSS-CLAIM** |

Cayuga Capital Management, LLC (incorrectly sued herein as Cayuga Capital Management, Inc.) ("Cayuga"), Jamie Wiseman ("Wiseman"), Jacob Sacks ("Sacks"), John Lithen ("Lithen"), JS-JW Construction Facility LLC ("JS-JW"), and CCMAI 28 Herbert LLC ("Herbert", and together with Cayuga, Wiseman, Sacks, Lithen and JS-JW, collectively referred to herein as the "Cayuga Defendants"), and as for their Answer to the cross-claim [ECF 21, "Cross-Claim"] filed by Defendant Zachary Richard Gumpel ("Gumpel") hereby allege as follows:

**AS AND FOR THE CROSS-CLAIM**
**(COMMON LAW INDEMNIFICATION/IMPLIED INDEMNITY AND CONTRIBUTION)**

1.　The allegations in paragraph "213" of the Cross-Claim do not set forth any facts relating to the Cayuga Defendants, and thus no response is required.

2.　The allegations in paragraph "214" of the Cross-Claim do not set forth any facts relating to the Cayuga Defendants, and thus no response is required.

3.　Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "215" of the Cross-Claim.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "216" of the Cross-Claim.

5. Admit the allegations in paragraph "217" of the Cross-Claim.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "218" of the Cross-Claim.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "219" of the Cross-Claim.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "220" of the Cross-Claim.

9. Deny the allegations in paragraph "221" of the Cross-Claim and aver that Gumpel is responsible for Plaintiff's damages to the extent awarded by this Court.

10. Deny the allegations in paragraph "222" of the Cross-Claim and aver that Gumpel is responsible for Plaintiff's damages to the extent awarded by this Court.

11. Deny the allegations in paragraph "223" of the Cross-Claim.

12. The allegations set forth in paragraph '224" of the Cross-Claim contain legal conclusions to which no response is required. To the extent paragraph "224" of the Cross-Claim purports to set forth factual allegations against the Cayuga Defendants, those allegations are denied.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

13. Gumpel's claims are barred, in whole or in part, as the Cross-Claim fails to state a cause of action upon which relief can be granted against the Cayuga Defendants.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

14. Gumpel's claims are barred, in whole or in part, based upon the doctrine of unclean hands.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

15. Gumpel's claims are barred, in whole or in part, based upon the doctrines of waiver, laches, and/or estoppel.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

16. Gumpel's claims against the Cayuga Defendants are barred, in whole or in part, by one or more applicable statute of limitations.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

17. Gumpel's claims are barred, in whole and in part, because the Cayuga Defendants acted reasonably and in good faith at all relevant times.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

18. Gumpel's claims are barred by documentary evidence.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

19. To the extent that Plaintiff sustained any damages, such damages were not proximately caused by the Cayuga Defendants and were instead caused by Plaintiff and her agents or by third parties not under the control of the Cayuga Defendants, including Gumpel.

## RESERVATION OF RIGHTS

The Cayuga Defendants reserve the right to rely upon any and all additional defenses which may become known as a result of and during discovery in the within action.

**WHEREFORE,** the Cayuga Defendants respectfully request that the Cross-Claim be dismissed in its entirety and for such other and different relief as is just, proper, and equitable.

Dated: October 23, 2023
      New York, New York

                                **GOETZ FITZPATRICK LLP**
                                *Attorneys for Defendants*
                                *Cayuga Capital Management LLC,*
                                *i/s/h/a Cayuga Capital Management, Inc.,*
                                *Jamie Wiseman, Jacob Sacks, John Lithen,*
                                *JS-JW Construction Facility LLC, and*
                                *CCMAI 28 Herbert LLC*

By: _____
     Gary M. Kushner, Esq.
     Benjamin Blum, Esq.
One Penn Plaza, Suite 3100
New York, New York 10119
(212) 695-8100
gkushner@goetzfitz.com
bblum@goetzfitz.com

TO:
Barry M. Bordetsky, Esq.
LAW OFFICES OF BARRY M. BORDETSKY
*Attorneys for Defendant, Zachary Richard Gumpel*
570 Lexington Avenue, 44th Floor
New York, New York 10022
(212) 688-0008
barry@bordetskylaw.com

Edward G. Sponzilli, Esq.
NORRIS McLAUGHLIN, P.A.
*Attorneys for Plaintiff*
7 Times Square, 21st Floor
New York, New York 10036-6524
(212) 808-0700
egsponzilli@norris-law.com